1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEANTHONY T. WINSTON,

    Petitioner,

v.

WARDEN, USP-Atwater

    Respondent.

Case No.  1:22-cv-01462-HBK (HC)

ORDER TO ASSIGN DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION

FOURTEEN-DAY OBJECTION PERIOD

(Doc. No. 1)

Petitioner, LeAnthony T. Winston ("Petitioner"), a federal prisoner proceeding pro se, initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Ninth Circuit Court of Appeals on September 26, 2022.  (Doc. No. 1, "Petition").  On November 14, 2022, the Petition eventually was transferred to this Court.[1]  This matter is before the Court for preliminary review.  *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243.  Under Rule 4,[2] a

_____

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  *See* Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has

1    district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not

2    entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v.*

3    *Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  Courts have "an active role in summarily

4    disposing of facially defective habeas petitions" under Rule 4.  *Ross v. Williams*, 896 F.3d 958,

5    968 (9th Cir. 2018) (citation omitted).  For the following reasons, the undersigned recommends

6    the Petition be dismissed for lack of jurisdiction.

7                                    **I.  BACKGROUND**

8            Petitioner, a federal prisoner, was sentenced to 460 months of imprisonment by the U.S.

9    District Court for the Eastern District of Virginia ("EDVA") for his 2021 conviction, after jury

10   trial, for:  conspiracy to engage in sex trafficking by force, fraud, or coercion in violation of 18

11   U.S.C. § 1594(c); sex trafficking by force, fraud, or coercion in violation of § 1591(a)(1); felon in

12   possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and, intent to distribute cocaine

13   base in violation of 21 U.S.C. § 841(a)(1) entered.  *See* Case No. 2:20-cr-00108-RGD-DEM,

14   Crim. Doc. Nos. 110, 205, 272.[3]

15           Petitioner appealed to the Fourth Circuit Court of Appeals on March 16, 2022, and that

16   appeal remains pending.  *See* Crim. Doc. No. 287.  On March 23, 2022, Petitioner filed a pro se

17   letter motion in the EDVA to "correct his sentence," which was withheld by the EDVA because

18   Petitioner's appeal to the Fourth Circuit is still pending.  Crim. Doc. Nos. 291, 294.  On

19   September 26, 2022, Petitioner filed the instant § 2241 Petition in the Ninth Circuit Court of

20   Appeals, and the matter eventually was transferred to this Court on November 14, 2022.  (Doc.

21   No. 1).

22           Under the guise of the instant § 2241 Petition, Petitioner asks this Court to vacate his

23   conviction based on: abuse of discretion by the district court judge in entering post-conviction

24   "general orders," in violation of his Fifth and Fourteenth Amendment rights when a nolle

25   prosequi order was entered in his absence, and prosecutorial misconduct.  (Doc. No. 1 at  1-3).

26

27   heretofore conformed to the practice of civil actions."  Fed. R. Civ. P 81(a)(2).
     [3] The undersigned cites to the record in Petitioner's underlying EDVA criminal case as "Crim. Doc. No.
28   _."

1    Petitioner argues § 2255 is inadequate to challenge his sentence because the district court did not

2    consider his motion to vacate and he has ineffective assistance of counsel in his direct appeal.

3    (*Id*. at 3).

4                              **II.  APPLICABLE LAW AND ANALYSIS**

5            Although brought under the guise of § 2241, Petitioner challenges the legality of his

6    original conviction, which is properly brought via a direct appeal or via a § 2255 petition in the

7    EDVA court of conviction.  A § 2241 petition is reserved for federal prisoners challenging "the

8    manner, location, or conditions of a sentence's execution."  *Harrison v. Ollison*, 519 F.3d 952,

9    956 (9th Cir. 2008).  Federal prisoners seeking to challenge the legality of their confinement must

10   do so through a § 2255 motion.  *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  In

11   limited circumstances, federal prisoners may challenge the legality of their confinement through a

12   § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of §

13   2255(e).  *Id*. at 1192.  This portal permits a federal prisoner to challenge the legality of

14   confinement if he can establish that the remedy provided under § 2255 is "inadequate or

15   ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  To demonstrate a remedy is

16   "inadequate or ineffective" a petitioner must: (1) make a claim of actual innocence, and (2) not

17   had an "unobstructed procedural shot at presenting that claim."  *Shepherd v. Unknown Party,*

18   *Warden, FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021).  A prisoner cannot circumvent the

19   limitations imposed on successive petitions by restyling his petition as one under § 2241.

20   *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th

21   Cir. 1999) (per curiam) (petitioner attempted to circumvent AEDPA's successive motion

22   provisions by bringing § 2255 claims in a § 2241 petition).

23           First, in the Ninth Circuit, a claim of actual innocence for the purposes of the § 2255

24   savings clause requires a petitioner to "demonstrate that, in light of all the evidence, it is more

25   likely than not that no reasonable juror would have convicted him."  *Stephens*, 464 F.3d at 898

26   (citing *Bousley v. United States*, 523 U.S. 614 (1998)).  Actual innocence means factual

27   innocence, not mere legal insufficiency.  *See Bousley*, 523 at 623.  Here, Petitioner makes no

28   claim of being factually innocent of sex trafficking, intent to distribute cocaine base, or

1    possession of a firearm by a felon.  (*See generally* Doc. No. 1).

2         Second, whether a petitioner has not had an "unobstructed procedural shot" at raising his

3    habeas claims, requires the court to consider "(1) whether the legal basis for petitioner's claim

4    'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2)

5    whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255

6    motion."  *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir.

7    2003)).  In the instant case, Petitioner's direct appeal is still pending in the Fourth Circuit.  Thus,

8    Petitioner cannot make the necessary showing that he has not had an unobstructed procedural shot

9    at raising his habeas claims.  Moreover, "for reasons of judicial economy, [a] district court should

10   not entertain a habeas corpus petition" or a motion under section 2255 "while there is an appeal

11   pending in the [the United States Court of Appeals] or in the Supreme Court."  *United States v.*

12   *Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) ("a district court's delay in considering a section 2255

13   motion until direct appeals are resolved does not make the section 2255 motion inadequate or

14   ineffective and therefore does not entitle the defendant prematurely to pursue a section 2241

15   habeas petition.").

16        Based on the foregoing and controlling precedent, Petitioner fails to satisfy the escape

17   hatch criteria of § 2255.  Therefore, this Court lacks jurisdiction over the § 2241 petition.

18   Because Petitioner's direct appeal remains pending, it would be futile to transfer the petition to

19   the EDVA for consideration as a § 2255 motion as it would be subject to dismissal as premature.

20   The undersigned recommends that the Petition be dismissed for lack of jurisdiction.

21        Accordingly, it is **ORDERED**:

22        The Clerk of Court is directed to assign this case to a district judge for the purposes of

23   reviewing these findings and recommendations.

24        It is further **RECOMMENDED**:

25        1.  The Petition (Doc. No. 1) be DISMISSED for lack of jurisdiction.

26        2.  The Clerk of Court be directed to terminate any pending motions/deadlines and

27            close this case.

28

1

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:    December 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE